# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ANTHONY ATKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-00300** |
| | ) | **Judge Trauger** |
| **AUSTIN BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Anthony Atkins, while in pretrial detention at the Montgomery County Jail,[1] filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the court for ruling on the plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA).

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED**.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also

---

[1] On October 9, 2024, the plaintiff informed the court that his address had changed to a residence in Clarksville, Tennessee. (Doc. No. 4.)

authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## B. Analysis

The Complaint alleges that on March 28, 2023, Defendant Austin Brown, a Montgomery County Sheriff's Deputy, violated the plaintiff's Fourth and Fourteenth Amendment rights when, without a warrant or probable cause, he "pulled up to the location" where the plaintiff was walking near a storage facility, "exited his vehicle in the street," and "[t]hen began to call out and approach" the plaintiff "in a manner to seize [him]." (Doc. No. 1 at 5.) The defendant then placed the plaintiff

2

under arrest, searched him, took him to jail, and had his vehicle towed. (*Id.*) The plaintiff claims that this caused him mental and emotional distress which required prescribed medications to treat. (*Id.*)

The Fourth Amendment prohibits "unreasonable searches and seizures," U.S. Const. amend. IV, a prohibition applicable to state officials through the Fourteenth Amendment. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005). The plaintiff claims that being approached by the defendant and "then searched and taken to jail" on March 28, 2023 was unreasonable for Fourth Amendment purposes because "[t]here was no probable cause nor a warrant to justify the intrusion." (Doc. No. 1 at 5.) An arrest effected without probable cause, or a "false arrest," is properly asserted as a Fourth Amendment violation under Section 1983. *Tlapanco v. Elges*, 969 F.3d 638, 652 (6th Cir. 2020). However, an initial detention without reasonable suspicion, though it might lead to the suppression of evidence in a criminal case, cannot alone render a subsequent arrest "false" for purposes of a Section 1983 claim. *See Thomas v. McCabe*, No. 23-10398, 2023 WL 8275973, at *4–5 & n.3 (E.D. Mich. Nov. 30, 2023) (finding that "[t]he unlawfulness of the initial stop does not vitiate the lawfulness of the arrest in a civil § 1983 proceeding," as "the fruit of the poisonous tree doctrine is inapplicable in the § 1983 context"); *Stubbs v. City of Chicago*, 616 F. Supp. 3d 793, 803 (N.D. Ill. 2022) (same). To plausibly claim entitlement to relief for a Fourth Amendment violation under Section 1983, an arrestee must plead sufficient factual material to allow the inference that the defendant—regardless of whether he lacked reasonable suspicion to initially detain—lacked probable cause "[w]hen [the] detention rises to the level of a full-fledged arrest." *Gardenhire v. Schubert*, 205 F.3d 303, 313 (6th Cir. 2000) (citation omitted).

Such factual material is not provided in the Complaint before this court. The court accepts as true the allegation that the defendant lacked a warrant to search or seize the plaintiff at the time of their encounter. However, the assertion that "[t]here was no probable cause" to arrest, search,

3

and take the plaintiff to jail (Doc. No. 1 at 5) is not a factual allegation but a legal conclusion that the court need not accept as true. As the court has previously held in this context, when a plaintiff alleges that there was no valid warrant but "fails to allege facts suggesting that her actual arrest was without probable cause, the Complaint fails to state a claim under § 1983 based on violation of the Fourth Amendment." *Brown v. City of Franklin*, No. 3:16-CV-01342, 2016 WL 6948363, at *9 (M.D. Tenn. Nov. 28, 2016).

Although leave to amend may be granted in order to cure a complaint's failure to provide sufficient factual allegations, *see LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the court declines to grant such leave in this case. The court takes judicial notice of the Montgomery County Online Court Records System, which reveals that a criminal warrant was served on the plaintiff on March 28, 2023, for possession of a weapon by a convicted felon.[2] *See* https://montgomery.tncrtinfo.com/crCaseForm.aspx?id=5087414F-E6AE-4CB0-89BA-2B39892D9F78&dsid=1010af02 (last visited Nov. 13, 2024). The plaintiff was then formally charged with that crime on March 29, 2023. *Id.* Although the prosecutor later dismissed that gun possession charge after it had been bound over to the Montgomery County Circuit Court, *see* https://montgomery.tncrtinfo.com/crCaseForm.aspx?id=88BE0E8E-6148-4E72-8417-592310FBA544&dsid=fc048db5 (last visited Nov. 13, 2024), the decision to issue a post-arrest warrant and bind the matter over entailed a judicial determination that probable cause to arrest existed, *see State v. McCloud*, 310 S.W.3d 851, 860 (Tenn. Crim. App. 2009) (citing Tennessee Supreme Court holding that a warrantless arrest requires "a 'follow-up' determination of probable cause either through the issuance of a warrant or a binding over" after preliminary hearing), and "[a]n arrest grounded in probable cause does not become invalid merely because the State chooses not to prosecute the individual." *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630,

---

[2] *See also* Tennessee Felony Offender Information Lookup, https://foil.app.tn.gov/foil/details.jsp (last visited Nov. 13, 2024), reflecting the plaintiff's eight-year sentence of probation, imposed in 2019, for an aggravated assault committed in 2017.

4

638 (6th Cir. 2004). Because the Complaint merely alleges a lack of probable cause without any hint that the defendant falsified facts or evidence, the court in its discretion will not allow amendment for purposes of adding facts that would serve only to controvert the state court's probable cause determination. *See generally Flowers v. City of Detroit*, 306 F. App'x 984, 987 (6th Cir. 2009) (applying rule that state-court probable cause determinations cannot be relitigated in § 1983 action unless the officer is alleged to have supplied the state court with false information). This case will be dismissed for failure to state a plausible claim to relief.

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

5